Tanis M. Holm
EDMISTON & COLTON LAW FIRM
310 Grand Avenue
Billings, MT  59101
Telephone: (406) 259-9986
Facsimile: (406) 259-1094
E-Mail: tholm@yellowstonelaw.com

Attorney for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| TATE GETCHELL, and BENJAMIN SUN,<br><br>    Plaintiff,<br><br>vs.<br><br>JMA VENTURES, LLC, d/b/a RED LODGE MOUNTAIN RESORT,<br><br>    Defendant. | CV-22-101-BLG-SPW-TJC<br><br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

For their complaint, Plaintiffs Tate Getchell and Benjamin Sun, by and through their counsel, allege and state:

### PARTIES

1.Plaintiff TATE GETCHELL is a resident of Billings, Yellowstone County, Montana. Plaintiff TATE GETCHELL is a citizen of Montana.

2.Plaintiff BENJAMIN SUN is a resident of Colorado Springs, El Paso County, Colorado. Plaintiff BENJAMIN SUN is a citizen of Colorado.

3. Defendant, JMA VENTURES, LLC, is a foreign limited liability company organized in California with its principal place of business at 460 Bush Street in San Francisco, California. At all times relevant to the facts herein, Defendant, owner of Red Lodge Mountain Resort, was authorized to do business in Red Lodge, Carbon County, Montana. Defendant JMA VENTURES, LLC's sole managing member, Todd A. Chapman, is a citizen of San Francisco, California.

## JURISDICTION AND VENUE

4. The district court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds seventy-five thousand dollars ($75,000), excluding interests and costs. Plaintiff Getchell is a citizen of Montana, Plaintiff Sun is a citizen of Colorado, and Defendant JMA Ventures, LLC's sole managing member, Todd A. Chapman, is a citizen of San Francisco, California. JMA Ventures, LLC was formed under the laws of California and is authorized to do business in Montana.

5. Venue for this action is proper in this District and Division pursuant to 28 U.S.C. §1391(b)(2) because the relevant acts, decisions, and events giving rise to this claim occurred in Red Lodge, Carbon County, Montana.

## FACTS COMMON TO ALL COUNTS

6. On or about December 5, 2020, Plaintiffs went to Defendant's ski resort in Red Lodge, Montana, to go snowboarding.

7. On the second run of the day, Plaintiffs mounted a chairlift to go back up the mountain.

8. After the Plaintiffs mounted the chairlift, the lift fell from its rails causing both Plaintiffs to fall forward onto the hard, snow-packed ground.

9. Plaintiff Getchell hit his head and Plaintiff Sun fell directly on his shoulder.

10. After this incident, Plaintiffs stopped snowboarding and returned to their Airbnb where Plaintiffs were taken to Beartooth Clinic for treatment.

11. Plaintiffs have continued to receive treatment for their injuries related to the fall.

## COUNT I – Negligence

12. Plaintiffs reallege and incorporate by reference all paragraphs above.

13. Defendant has a duty to exercise ordinary care in maintaining its premise in a reasonably safe condition and warn of any hidden dangers.

14. Defendant has a duty to prevent exposing persons to an unreasonable risk of harm, to keep the premise in a reasonably safe condition, and to take precautionary measures to prevent foreseeable persons from harm.

15. Defendant owed a duty to exercise ordinary care when Plaintiffs were on Defendant's chairlift on December 5, 2020.

16. Defendant breached this duty when it failed to provide reasonably safe conditions on its premise by failing to maintain its chairlifts which resulted in a chair detaching from its rail.

17. Defendant knew or should have known that a failure to maintain reasonably safe chairlifts presented a foreseeable risk of harm to Plaintiffs and other persons on the premises.

18. Defendant knew or should have known that a failure to maintain reasonably safe chairlifts could result in a chair detaching from its rail.

19. Defendant knew or should have known that a chair detaching from its rails presents a foreseeable risk of serious harm to Plaintiffs and other persons on the premises.

20. Plaintiffs' injuries were caused by the Defendant's negligence.

21. Plaintiffs incurred medical expenses, may incur future medical expenses, have lost earnings and earning capacity, have suffered a change in the course of their lifestyles, and have suffered physical pain as well as mental anguish.

## COUNT II – Res Ipsa Loquitur

22. Plaintiffs reallege and incorporate by reference all paragraphs above.

23. Defendant's chairlift was in the exclusive control of Defendant prior to and at the time Plaintiffs mounted the chairlift on December 5, 2020.

24. The fall of the chairlift from its rails was not the fault of Plaintiffs.

25. The fall of the chairlift from its rails on December 5, 2020 would not have occurred had Defendant used proper care.

26. Defendant's negligence is inferred.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against Defendant sufficient to fully compensate them for all of their injuries, damages, and losses in an amount to be determined by the jury at the trial of this cause, for costs of suit, and for such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all the issues in this action.

DATED this 20th day of September, 2022.

EDMISTON & COLTON LAW FIRM
Attorneys for Plaintiffs


By: /s/ Tanis M. Holm